**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

THOMAS LANING, SHANNON LANING,
RICHARD KING, TAMMY KING,
GILBERT STADLER and CHERYL
STADLER,

      Plaintiffs,

v.                                                                                  Case No: 6:14-cv-128-Orl-28GJK

ORANGE LAKE COUNTRY CLUB, INC.,
WILSON RESORT MANAGEMENT
CORP., WILSON RESORT FINANCE,
LLC, and ORANGE LAKE COUNTRY
CLUB VILLAS CONDOMINIUM
ASSOCIATION III, INC.,

      Defendants.

## ORDER

Plaintiffs bring this action alleging violations of the Florida Consumer Collection Practices Act[1] and the federal Telephone Consumer Protection Act.[2] Named as Defendants are Orange Lake Country Club, Inc., Wilson Resort Management Corp., Wilson Resort Finance, LLC, and Orange Lake Country Club Villas Condominium Association III, Inc. Defendants have moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 21). Having considered the motion and Plaintiffs' Response (Doc. 29), the Court concludes that the motion must be denied.

Generally, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

---

[1] §§ 559.55-.785, Fla. Stat.

[2] 47 U.S.C. § 227.

8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

Plaintiffs' Amended Complaint meets these standards and survives Defendants' motion to dismiss. Plaintiffs have adequately set forth the factual and legal basis of each of their three statutory claims, and the Amended Complaint contains much more than merely "'a formulaic recitation of the elements'" of these claims. The allegations are sufficient to "'give the defendant[s] fair notice of what the claim[s] are] and the grounds upon which [they] rest[],'" which is the purpose behind Rule 8. Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008) (quoting Twombly, 550 U.S. at 555).

Accordingly, it is **ORDERED** and **ADJUDGED** that Defendants' Motion to Dismiss (Doc. 21) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on May 2, 2014.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record