# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

THOMAS LANING, SHANNON
LANING, RICHARD KING, TAMMY
KING, GILBERT STADLER and
CHERYL STADLER,

      Plaintiffs,

v.                                                                        Case No:   6:14-cv-128-Orl-28GJK

ORANGE LAKE COUNTRY CLUB
INC., WILSON RESORT
MANAGEMENT CORP., WILSON
RESORT FINANCE, LLC and ORANGE
LAKE COUNTRY CLUB VILLAS
CONDOMINIUM ASSOCIATION III,
INC.,

      Defendants.

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **OPPOSED MOTION FOR VOLUNTARY DISMISSAL (Doc. No. 42)**
>
> **FILED:**    June 12, 2014
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.      BACKGROUND.**

On February 21, 2014, Thomas Laning, Shannon Laning ("Mrs. Laning"), Richard King, Tammy King, Gilbert Stadler, and Cheryl Stadler (collectively, the "Plaintiffs") filed an amended complaint against Orange Lake Country Club, Inc., Wilson Resort Management Corp., Wilson

Resort Finance, LLC, and Orange Lake Country Club Villas Condominium Association III, Inc. (collectively, the "Defendants") under Florida's Consumer Collection Practices Act and the Telephone Consumer Protection Act, 47 U.S.C. § 227(b), *et. seq.* Doc. No. 19. The case is in its early stages with discovery ongoing until April 30, 2015, and a trial term beginning November, 2, 2015. Doc. No. 31.

On June 4, 2014, Mrs. Laning and her husband, Thomas Laning, served Defendants with their First Set of Interrogatories, First Request for Admissions, and First Request for Production of Documents. *See generally* Doc. No. 44 at 10. The deadline for Defendants to respond to those discovery requests has yet to expire. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2), 36(a)(3). On June 10, 2014, Defendants served Mrs. Laning with Defendants First Request for Production of Documents, and the time for Mrs. Laning to respond has yet to expire. Doc. No. 44 at 10; Fed. R. Civ. P. 34(b)(2).

Mediation in this case is scheduled to occur today, June 18, 2014. Doc. No. 42 at ¶ 4. Mrs. Laning is unable to attend the mediation in-person and, "[r]ather than risk sanctions for failure to appear at the mediation," on June 12, 2014, Mrs. Laning filed an Opposed Motion for Voluntary Dismissal Without Prejudice (the "Motion"). Doc. No. 42. In the Motion, Mrs. Laning states:

> [She] is moving to dismiss her claims based on her inability to attend the scheduled mediation (for which she would like to avoid sanctions for failing to comply with this Court's order), because she and Mr. Laning have an infant child whom they do not feel comfortable traveling with, and because her potential recovery based upon her stand-alone claims does not justify the costs and expense of travel, especially considering that her husband, Plaintiff Thomas Laning, who experienced the vast majority of Defendants' unlawful conduct, will be in attendance at the mediation.

Doc. No. 42 at 4. Thus, pursuant to Rule 41(a)(2), Federal Rules of Civil Procedure, Mrs. Laning moves to dismiss her claims without prejudice. Doc. No. 42. On June 17, 2014, Defendants

filed a response (the "Response") arguing that Court should condition any dismissal without prejudice on the payment of Defendants' attorneys' fees and costs or, in the alternative, dismiss Mrs. Laning's claims with prejudice. Doc. No. 44 at 1-11.

## II. ANALYSIS.

Rule 41(a)(2), Federal Rules of Civil Procedure, provides that if the defendant fails to stipulate to the dismissal, then "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *Id*. Thus, the Court may impose reasonable conditions upon a dismissal under Rule 41(a)(2). *Id*. "The purpose of the rule is primarily to prevent voluntary dismissal which unfairly affect the other side, and to permit the imposition of curative conditions." *McCants v. Ford Motor Co., Inc*., 781 F.2d 855, 856 (11th Cir. 1986) (internal citation and quotation omitted). "A district court considering a motion for dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect." *Id*.

In the Response, Defendants fail to quantify or indicate the amount of attorneys' fees and costs they have incurred with respect to Mrs. Laning's claims. Doc. No. 44. Discovery is in the initial stage, with the deadline for Mrs. Laning and Defendants' response to their respective discovery requests not yet having passed. *See supra* p. 2. The undersigned finds that any costs or expenses, including attorneys' fees and/or costs incurred by the Defendants to date for defending against Mrs. Laning's individual claims are minimal. Moreover, the case is going forward with the five (5) other Plaintiffs' claims, including that of Mr. Laning. Thus, the undersigned finds that dismissal without prejudice is warranted, the Defendants have failed to show that they will suffer any substantial prejudice, legal or otherwise, and no conditions to dismissal are warranted in this case.

### III. CONCLUSION.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **GRANT** the Motion (Doc. No. 42); and

2. Dismiss Mrs. Laning's claims pursuant to Rule 41(a)(2), Federal Rules of Civil Produce, without prejudice and without conditions.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 18, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy